IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CASKA ROBERTSON-LITTLE,

    Plaintiff,

vs.                                            No. CV 16-1360 LH/SCY

ANTHONY J. FORTE and
SUSANA MARTINEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under Fed. R. Civ. P. 8(a) and 12(b)(6) and 28 U.S.C. § 1915(d)(2)(B) on the Complaint for Violation of Civil Rights filed by Caska Robertson-Little on December 13, 2016 (Doc. 1) ("Complaint"). The Court will dismiss Robertson-Little's Complaint for failure to meet the requirements of Rule 8(a) and failure to state a claim for relief, and will deny Robertson-Little leave to file an amended complaint as futile under the *Heck* doctrine.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Robertson-Little originally filed this proceeding as a prisoner civil rights action under 42 U.S.C. § 1983. (Doc. 1). He names only two Defendants—Anthony J. Forte, Director of the Risk Management Division of the State of New Mexico and Susana Martinez, Governor of the State of New Mexico. (Doc. 1 at 5). Robertson-Little was convicted by a jury on charges of Aggravated Battery Against a Household Member (Great Bodily Injury) and False Imprisonment in State of New Mexico, County of Santa Fe, First Judicial District Court cause number D-101-CR-201200630. He is incarcerated at the Guadalupe County Correctional Facility, serving a

1

sentence on his conviction and as a habitual offender. (Doc. 1 at 5, 66-67, 79; No. D-101-CR-201200630). In his 14-page Complaint with 69 pages of attachments, he makes wide-ranging, rambling, and largely incomprehensible allegations against judges, defense counsel, prosecutors, correctional officers and other state officials that he is illegally incarcerated in violation of his constitutional rights. (Doc. 1). He attaches a copy of the United States Constitution and, by his initials, indicates his rights have been violated under: Article I, Sections 6 (compensation of Senators and Representatives), 8 (power to lay and collect taxes), 9 (migration or importation of persons), and 10 (States may not enter into any treaty, alliance, or confederation); Article III, Sections 1 (judicial power of the United States) and 2 (judicial power extends to all cases); Article IV, Sections 1 (full faith and credit) and 2 (privileges and immunities); Article VII (ratification); and Amendments I (freedom of religion, speech, press, and assembly), IV (search and arrest warrants), V (rights in criminal cases), VI (rights to a fair trial), VIII (bails, fines, and punishments), and XIV (civil rights). (Doc. 1 at 6, 19-27). In his request for relief, Robertson-Little states:

> "The sum of One Billion Dollars $1,000,000,000.00 is being presented for the courts to award me for the continuous conflicts of interest pertaining to all personnel involved working under the color of State of New Mexico Law as Governor and the Risk Management are all aware of the situation of my case. 'To go home and live worry less open dozens of businesses.'"

(Doc. 1 at 8). Since the filing of his original Complaint, Robertson-Little has filed 12 supplements to his Complaint (Doc. 6, 10, 11, 12, 13, 24, 25, 30, 34, 35) and has sent the Court 10 letters addressing and expanding on his allegations (Doc. 8, 9, 14, 16, 17, 22, 23, 26, 28, 39).

Also pending before the Court is Robertson-Little's letter motion for a preliminary injunction. (Doc. 29). His letter motion states "[t]here have been (8) Eight Attorneys that have not given any type of Assistance in my behalf. Your 'Honors Please' I ask to be released in a

PRELIMINARY INJUNCTION . . . Thank you with all Due Respect Relief is to be released to begin needed studying to begin trial." (Doc. 29).

## II. ROBERTSON-LITTLE'S PENDING MOTIONS

Plaintiff Robertson-Little has several motions pending before the Court. First, he has filed two motions directed to proceeding *in forma pauperis* in this Court, a motion for a ten-day extension of time to make the initial partial payment and a motion to continue *in forma pauperis*. (Doc. 15, 19). The Court will grant both motions. Robertson-Little has also filed an Application for Free Process, seeking to be granted free process in a New Mexico state court proceeding. (Doc. 27). This Court lacks authority to determine whether Robertson-Little should be granted free process in state court and will dismiss the Application. Similarly, Robertson-Little has filed a Motion to Join Case, seeking to be made a party to a pending state court proceeding. (Doc. 32). This Court does not have jurisdiction to order Robertson-Little joined as a party in a New Mexico state court case and, again, will dismiss the Motion.

Last, Robertson-Little has filed a letter motion for a preliminary injunction. (Doc. 29). A party seeking a preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood that the party will suffer irreparable harm in the absence of a preliminary injunction; (3) that the balance of equities tips in the party's favor; and (4) that the injunction serves the public interest. *Little v. Jones,* 607 F.3d 1245, 1251 (10th Cir.2010). A preliminary injunction requiring the nonmoving party to take affirmative action is an extraordinary remedy that is generally disfavored. *Druley v. Patton*, 601 F. App'x 632, 634 (10th Cir. 2015). Robertson-Little's letter motion does not address any of the requirements for issuance of a preliminary injunction and, therefore, will be denied.

## III. **PLAINTIFF'S FILINGS DO NOT MEET RULE 8(a) REQUIREMENTS**

The decision to strike a pleading or to dismiss an action for failure to comply with Fed. R. Civ. P. 8 is within the sound discretion of the district court. *See Kuehl v. FDIC,* 8 F.3d 905, 908 (1st Cir.1993); *Atkins v. Northwest Airlines, Inc.,* 967 F.2d 1197, 1203 (8th Cir.1992); *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988). In order to state a claim for relief, Rule 8(a) requires a plaintiff's complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, ... (2) a short and plain statement of the claim showing that [he] is entitled to relief, and (3) a demand for judgment for the relief [he] seeks." Fed. R. Civ. P. 8(a). Although the Court is to construe *pro se* pleadings liberally, a *pro se* plaintiff must follow the rules of federal and appellate procedure, *see Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994).

A *pro se* complaint may be stricken or dismissed under Rule 8(a) if it is "incomprehensible." *See Carpenter v. Williams,* 86 F.3d 1015, 1016 (10th Cir.1996); *Olguin v. Atherton*, 215 F.3d 1337 (10th Cir. 2000). Rule 8(a)'s purpose is to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); *Monument Builders of Greater Kansas City, Inc., v. American Cemetery Ass'n of Kansas,* 891 F.2d 1473, 1480 (10th Cir.1989). Imprecise pleadings undermine the utility of the complaint and violate that purpose of Rule 8. *See Knox v. First Security Bank of Utah,* 196 F.2d 112, 117 (10th Cir. 1952). Rambling and incomprehensible filings that bury material allegations in "a morass of irrelevancies" do not meet Rule 8(a)'s pleading requirement of a "short and plain statement." *Mann,* 477 F.3d at 1148; *Ausherman v. Stump,* 643 F.2d 715, 716 (10th Cir.1981).

Moreover, a plaintiff may not seek to supplement or modify a complaint in a manner that turns the complaint into a "moving target." It is unreasonable to expect the Court or the defendants continually to have to adapt as the plaintiff develops new theories or locates new defendants. There comes a point when even a *pro se* plaintiff has had sufficient time to investigate and to properly frame his claims against specific defendants. *Minter v. Prime Equipment Co.,* 451 F.3d 1196, 1206 (10th Cir.2006).

Plaintiff's rambling, incomprehensible filings do not comply with the requirements of Rule 8. Plaintiff's filings bury any material allegations in "a morass of irrelevancies" and do not meet Rule 8(a)'s "short and plain statement" pleading requirement. *Mann,* 477 F.3d at 1148; *Ausherman,* 643 F.2d at 716. Further, in addition to being difficult to follow, his filings turn the proceeding into a constantly moving target. *Minter,* 451 F.3d at 1206.

### IV. **ROBERTSON-LITTLE'S COMPLAINT FAILS TO STATE A CLAIM**

Plaintiff Robertson-Little is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed

5

where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,*

907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

Applying the § 1915(e)(2)(B) standard, the original Complaint filed by Robertson-Little fails to state a claim for relief against any of the named Defendants under § 1983. First, Robertson-Little names Risk Management Director Anthony J. Forte and New Mexico Governor Susana Martinez as Defendants. (Doc. 1 at 3). 42 U.S.C. § 1983 states:

> "Every person who, under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia, *s*ubjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th

Cir. 2008); *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Although Robertson-Little names Risk Management Director Forte and Governor Martinez as Defendants, the only allegations he makes are that:

> " [t]his 42 U.S.C. § 1983 Complaint is being filed on both the Governor and Director of Risk Management in the State of New Mexico. I have evidence in my possession proving the above case number was not done per New Mexico Rule and State Statutes in the Courts. Those (2) two, "personnel," "officials," "staff" of the United States Government are both aware in regards to this situation" and "Governor and the Risk Management are all aware of the situation of my case."

(Doc. 1 at 2, 8). Robertson-Little does not allege any acts or personal involvement by Defendants Forte and Martinez in any alleged violation of the United States Constitution. His allegations that they somehow have knowledge of his case are not sufficient to state any plausible claim for relief against them under 42 U.S.C. § 1983. *Fogarty v. Gallegos,* 523 F.3d at 1162; *Twombly,* 550 U.S. at 570.

Last, Robertson-Little's claims are also barred under *Heck v. Humphry,* 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. Heck, 512 U.S. at 487. The *Heck* doctrine also applies without respect to whether the relief sought is in the form of damages or equitable declaratory or injunctive relief. *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005). If success in the action would necessarily demonstrate the invalidity of the sentence or conviction, the claim is barred by *Heck*. *See Harris v. Fulwood,* 611 Fed.App'x 1, 2 (D.C. Cir. 2015).

Although it is difficult to follow Robertson-Little's contentions, his Complaint indicates

8

that he has been convicted on criminal charges and is serving a sentence in a correctional facility. (Doc. 1 at 5, 7, 9, 66-67, 79). The relief Robertson-Little seeks includes immediate release from custody. (Doc. 1 at 8, 29). Because a favorable ruling on Robertson-Little's claims would require treating his sentence in his state criminal cases as invalid, the Complaint also must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999).

## V. THE COMPLAINT WILL BE DISMISSED WITHOUT LEAVE TO AMEND

The Court will dismiss Robertson-Little's Complaint without leave to amend because the Court determines that amendment of the Complaint would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. Regardless of the allegations he makes, unless his conviction is overturned or set-aside, Robertson-Little's claims for damages and injunctive relief on the grounds that he is illegally incarcerated will always be barred by the *Heck* doctrine. Therefore, any amendment of the Complaint would not state a claim for relief and would be futile. *Beck v. City of Muskogee Police Dept.,* 195 F.3d at 556–57.

**IT IS ORDERED:**

(1) Plaintiff Caska Robertson-Little's motion for a ten-day extension of time to make the initial partial payment and motion to continue *in forma pauperis* (Doc. 15, 19) are **GRANTED**;

(2) Plaintiff Caska Robertson-Little's Application for Free Process (Doc. 27) and Motion to Join Case (Doc. 32) are **DISMISSED** for lack of jurisdiction;

(3) Plaintiff Caska Robertson-Little's letter motion for a preliminary injunction (Doc. 29) is **DENIED**; and

(4) Plaintiff Caska Robertson-Little's Complaint for Violation of Civil Rights filed December 13, 2016 (Doc. 1) is **DISMISSED** for failure to state a claim and failure to comply with Fed. R. Civ. P. 8(a).

_____
SENIOR UNITED STATES DISTRICT JUDGE